# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# MACON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** : | |
| : | |
| **v.** : | |
| : | **Criminal Action No.** |
| **JOSHUA EMMETT WILLIFORD,** : | **5:04-CR-101(HL)** |
| : | |
| **Defendant.** : | |

## ORDER

Before the Court is Defendant's Motion to Modify Sentence (Doc. 181). Defendant was sentenced by this Court on December 15, 2005, to serve 130 months in prison.[1]  In his Motion to Modify Sentence, Defendant requests that this Court order that his federal sentence run concurrent to the fifteen year state sentence that was imposed by the Clayton County Superior Court prior to the imposition of his federal sentence.  For the following reasons, the Motion is denied.

Under 18 U.S.C. § 3584(a), "[m]ultiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently."  Once a term of imprisonment has been imposed, a district court does

---

[1] Defendant contends in his Motion that he was sentenced by this Court in December 2004. The docket, however, clearly reflects that this Court imposed his sentence on December 15, 2005. (Doc. 115.)

1

not have the inherent authority to modify the sentence. United States v. Moreno, 421 F.3d 1217, 1219 (11th Cir. 2005); United States v. Ross, 245 F.3d 577, 586 (6th Cir. 2001); United States v. Barragan-Mendoza, 174 F.3d 1024, 1028 (9th Cir. 1999). Under 18 U.S.C. § 3582(c), a court can only modify a defendant's term of imprisonment in three situations: (1) upon motion of the Director of the Bureau of Prisons for the reasons specified in 18 U.S.C. § 3582(c)(1)(A); (2) to the extent permitted by statute or Federal Rule of Criminal Procedure 35; or (3) when the Sentencing Commission has reduced the guideline range for the defendant's offense and made the reduction retroactive. 18 U.S.C. § 3582(c).

In this case, the federal and state sentences were imposed at different times. At sentencing, the Court did not order that his federal sentence run concurrent to his state sentence. Therefore, the state and federal sentences run consecutive. Because the sentence has already been imposed and none of the § 3582 situations exist, the Court does not have the authority to modify it. Defendant's Motion to Modify Sentence is denied.

**SO ORDERED**, this the 27th day of July, 2009.

*s/ Hugh Lawson*
**HUGH LAWSON, Judge**

dhc

2